IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

AARON BOLTON, ET AL.                                                    PLAINTIFFS

V.                                                      CIVIL ACTION NO. 2:03CV89LTS-JMR

HOOD INDUSTRIES, INC., ET AL.                                           DEFENDANTS

### MEMORANDUM OPINION

This case is before the Court on the motion of Aaron Bolton, et al. (Plaintiffs) to remand. The case was removed from the Circuit Court of Forest County, Mississippi, on the grounds of diversity of citizenship and allegations the plaintiffs had fraudulently joined the non-diverse defendant, Hood Industries, Inc., (Hood) in order to defeat this Court's diversity jurisdiction.

Fraudulent joinder can be established in either of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to plead a cause of action against a non-diverse party. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999). The defendants do not dispute that Hood is a Mississippi resident defendant. Therefore, we must look to the second question.

Plaintiffs' initial complaint alleged that the diverse defendants (Weyerhaeuser Company (Weyerhaeuser), Arch Chemicals, Inc., American Wood Preservers Institute, Archwood Protection, Hickson USA Corp., and Osmose, Inc.) and the non-diverse defendant Hood designed, formulated, marketed, manufactured, distributed, disseminated, donated, or sold chemically-treated wood chip by products to the unsuspecting plaintiffs for heating and cooking use in their homes, and, in consequence, the plaintiffs have suffered damages. In separate counts, Plaintiffs have pled claims against all defendants arising under strict liability in tort, negligence, breach of warranty, and negligent misrepresentation all pursuant to Mississippi law.

On April 28, 2003, Defendants Arch Chemicals, Inc., Arch Wood Protection, Inc., Hickson (USA) Corp., Osmose, Inc., and American Wood Preservers Institute were dismissed with prejudice. (Order of April 28, 2003). The Court must now consider whether the plaintiffs' cause of action against the two remaining defendants, Hood and Weyerhaeuser, should be remanded.

In opposing plaintiffs' motion to remand, Weyerhaeuser bears the heavy burden of proving fraudulent joinder by demonstrating that there is no reasonable possibility that plaintiffs will be able to establish a right of recovery against the non-diverse defendant. *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003). In determining whether Weyerhaeuser has met this burden, the Court is permitted to consider not only the pleadings, but also material appropriate for the resolution of a motion for summary judgment. *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000). The facts are

to be viewed in the light most favorable to the plaintiff, the party seeking remand, and all doubtful issues of law are also to be resolved in favor of the plaintiff. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981). Existence of even a single valid cause of action against an in-state defendant, despite pleading several unavailing claims, requires remand of the entire case to state court. *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

The pivotal issue with respect to this motion is whether the plaintiffs have any valid theory of recovery against the local, non-diverse defendant Hood under Mississippi substantive law. The Court must determine whether there is any reasonable basis for predicting whether the plaintiffs might be able to establish Hood's liability on the pleaded claims in state court. *Griggs*, 181 F.3d at 699. If there is a reasonable basis for plaintiffs' assertion of their claims against Hood, then there has been no fraudulent joinder, and this case must be remanded for lack of subject matter jurisdiction, i.e. for lack of complete diversity of citizenship.

Plaintiffs allege that they have been injured as a result of using chemically treated wood chips which were obtained from the Hood-owned Beaumont facility. At the time the complaint was filed, Plaintiffs allege that the Beaumont facility was owned and operated by Hood and that the facility was previously owned and operated by Weyerhaeuser.

It is my opinion that the plaintiffs clearly stated a cause of action against Hood. In this circumstance in which the defendants have the burden of establishing fraudulent joinder and the plaintiffs can clearly state a claim upon which relief can be granted as to Hood, the lack of substantial evidence of the claims as to Hood does not support a conclusion that Hood was fraudulently joined. *Travis*, 326 F.3d at 650. In order to establish that Hood was fraudulently joined, Weyerhaeuser must effectively negate any reasonable possibility that Hood may be held liable for the conduct in question.

I do not express any opinion at all concerning the merits of Plaintiffs' claims. At this stage of the proceedings I am required to view the facts in the light most favorable to the plaintiffs and to resolve all doubtful issues of law in favor of the plaintiffs' theory of recovery. Applying these standards, I do not believe Weyerhaeuser has met its burden of proving there is no reasonable possibility of the plaintiffs' being able to prove their claims against Hood. Hood's status as a party defendant requires that this case be remanded.

An appropriate order to this effect will be entered.

Decided this 27th day of June, 2005.

s/ *L. T. Senter, Jr.*
**L. T. Senter, Jr.**
**Senior Judge**